## Schroufe v. Commonwealth.

(Decided January 12, 1911.)

### Appeal from Jefferson Circuit Court.
### (Criminal Division).

1. Sale of. Lottery Tickets—Indictment for—Sufficiency of Indictment —See Boyd v. Commonwealth, ante.—An indictment in every particular similar to the one here was held good on demurrer in Boyd v. Commonwealth, decided December 14, 1910.

2. Indictments—Endorsement Filed in Open Court—Failure to so Endorse Does Not Authorize Dismissal.—While it is usual and customary for the clerk to sign the endorsement on the indictment to the effect that it was filed in open court, his failure to do so does not authorize its dismissal.

3. Evidence.—Upon the trial of a criminal case where there is any evidence the case must go to the jury and they must determine the guilt or innocence of the accused.

4. Lottery Statute—Not Violative of State or Federal Constitution.— Section 2573 Kentucky Statutes, imposing punishment for the sale of lottery tickets does not violate either the State or Federal Constitution.

HERMAN MORRIS for appellant.

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

George Schroufe was indicted in the Jefferson Circuit Court on the charge of selling lottery tickets in violation of section 2573 Kentucky Statutes. To this indictment he entered a plea of not guilty, and upon trial was found guilty and his punishment fixed at a fine of $500.00 and confinement in the state penitentiary for two years.

An indictment in every particular similar to the one under consideration was held good on demurrer in the recent case of Boyd v. Commonwealth, decided December 14, 1910, and for the reasons stated in that opinion it becomes unnecessary to consider the sufficiency of the indictment here.

Several grounds are relied upon for reversal, the first of which is that the clerk did not sign his name on the back of the indictment when it was returned into

court. Section 121 of the Criminal Code provides that "the indictment must be presented by the foreman, in the presence of the grand jury, to the court, and filed with the clerk, and remain in his office as a public record." While it is usual and customary for the clerk to sign the endorsement on the indictment, to the effect that it was filed in open court, his failure to do so does not authorize its dimissal. Patterson v. Commonwealth, 86 Ky., 313; Pearce v. Commonwealth, 10 Rep., 178; and Pence v. Commonwealth, 95 Ky., 618.

The next ground relied upon is the failure of the court to peremptorily instruct the jury to find for the defendant. Nothing is more thoroughly settled by the decisions of this court in criminal cases than the rule that where there is any evidence the case must go to the jury and the jury must determine the guilt or innocense of the accused. An examination of the record shows that there is an abundance of evidence tending to show that appellant was engaged in the sale of lottery tickets, and upon this showing it would have been error for the court to have given a peremptory instruction.

Complaint is made that the court erred in admitting certain statements of the arresting officer to go to the jury. While the point may be well taken as to some of the questions asked and answered, they were not material, and certainly not prejudicial. The facts brought out in the evidence were to the effect that, the officer having reason to believe that the defendant was engaged in the conduct of a lottery in a room in the rear of a barber shop, furnished two persons with money with which to go there and buy tickets; that they went and made the purchase of lottery tickets for ten cents each, and played numbers which would have yielded them, had they won, from two of forty dollars, according to the play. After these plays had been made the officer went to the place where the tickets had been bought and found the defendant in charge, behind a desk or table, in the drawer of which he found quite a number of lottery tickets and sheets. The sheets, is seems, had been lost or misplaced between the date of the examining trial and the hearing in the circuit court, and could not be produced. But the tickets were produced, quite a number of them, and while the defendant stoutly denied all connection with the business, and stated that he was there merely for the purpose of seeing

a friend who roomed there, the witnesses were positive that they had bought the tickets from him, and their credibility was not attacked.

Complaint is likewise made that the punishment, as provided by section 2573, is violative of both the State and Federal Constitutions, which protect an accused from the imposition of excessive fines or cruel punishment, and it is argued that for the offense charged the punishment authorized to be imposed by this section is out of all proportion and outrageously excessive. An investigation into the methods of the lottery business as usually conducted has disclosed the fact that it amounts practically to robbery; and the punishment imposed for robbery is even more severe than that provided for conducting a lottery. The Government, State and Federal, has for many years been engaged in a most laudable effort to suppress and stamp out this nefarious business, by which the ignorant, poor and unwary have been victimized, and it has been found by practical experience that nothing short of the imposition of severe punishment would accomplish the desired result.

In our opinion the statute complained of does not violate either the State or Federal Constitution, and upon an examination of the entire record we find no good reason why the judgment of the lower court should be disturbed.

Judgment affirmed.