Joseph H. AKERS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 13963.

United States Court of Appeals Sixth Circuit.

July 12, 1960.

W. A. Hall, Jr., Richmond, Va., for appellant.

John C. Crawford, Jr., U. S. Atty., Knoxville, Tenn., for appellee.

Before McALLISTER, Chief Judge, SIMONS, Senior Judge, and CECIL, Circuit Judge.

SIMONS, Senior Judge.

This is an appeal from an order denying a motion to vacate sentence, under Title 28 U.S.C. § 2255. The indictment contained five counts, each charging the transportation of forged securities in interstate commerce from points in Tennessee to points in Ohio and Virginia, at different dates. He was found guilty in a trial to a jury upon each count and sentenced to ten years on each count, the sentences to run concurrently.

Appellant contends that the indictment was insufficient; that there was former jeopardy; that he was deprived of a speedy trial; that the punishment was cruel and unusual; that he was incompetent to stand trial by reason of insanity; and that the court failed to follow Rule 32 of the Federal Rules of Criminal Procedure, 18 U.S.C.

■ The indictment charges an offense punishable under the laws of the United States. It sufficiently apprises the defendant of the charges he must be prepared to meet and in case other proceedings are taken against him for a similar offense, to what extent he may plead a former conviction. United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92. The contention that the term "securities" is indefinite because of certain exclusions in the statute is without validity upon the rule that if the indictment sufficiently charged an offence, it need not negative exceptions. McKelvey v. United States, 260 U.S. 353, 357, 43 S.Ct. 132, 67 L.Ed. 301. Since the Court had jurisdiction, the issue was cognizable on appeal, and, so not the basis for a motion to vacate sentence under Sec. 2255.

■ The plea of double jeopardy is based upon the fact that a previous indictment for similar transportations had earlier been dismissed though the charges therein contained are now renewed as counts 4 and 5 of the present indictment. Assuming jeopardy in respect to the earlier indictment, there still remain counts 1, 2, and 3, which support the sentences since all were concurrent and the appellant was not prejudiced. Greene v. United States, 6 Cir., 188 F.2d 571.

■ The contention that the punishment was cruel and unusual is without substance, since it was within the statutory authority. Jolly v. United States, 6 Cir., 229 F.2d 180, certiorari denied 351 U.S. 963, 76 S.Ct. 1024, 100 L. Ed. 1483, rehearing denied 352 U.S. 860, 77 S.Ct. 24, 1 L.Ed.2d 70. Finally, the appellant argues that he was incompetent to stand trial in view of an earlier adjudication as insane by a West Virginia court in 1955 but the appellant had been released from the West Virginia hospital as competent, the hospital report being confirmed by the hospital psychologist and not controverted by evidence. The alleged denial of a speedy trial under the Sixth Amendment and the alleged failure to follow Rule 32(a, b) are without merit, since the sentence was imposed without delay and an opportunity given to the appellant to be heard prior to its being pronounced.

The limitation of issues cognizable upon a motion to vacate sentence under Sec. 2255 are discussed in our recent opinion in Clark v. United States of America, 6 Cir., 273 F.2d 68, announced by us on December 31, 1959.

The order denying the petition is

Affirmed.