EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ ÁNGEL RAMÍREZ RODRÍGUEZ, acusado y apelante.

*Números:* 17359, 17360   *Resueltos:* 21 de mayo de 1962

*Benjamín Ortiz*, abogado del apelante; *J. B. Fernández Badillo, Procurador General, y Jorge Zequeira Olivero, Procurador General Auxiliar,* abogados de El Pueblo, apelado.

Sala integrada por el Juez Presidente Interino Señor Pérez Pimentel y los Jueces Asociados Señores Blanco Lugo y Dávila.

PER CURIAM: Se acusó al apelante de infringir la sección 4 de la Ley de la Bolita, Ley 220 de 15 de mayo de 1948, 33 L.P.R.A. sec. 1250, porque "allá en o para el 18 de abril de 1959 y en San Germán, P. R. que forma parte del Distrito Judicial de Puerto Rico, ilegal, voluntaria, maliciosa y criminalmente, vendió el número 530 y los [sic] apuntó en una lista de número de tres cifras seguidos de guión y otro número a la derecha, la cual lista la tenía el acusado en su poder y/o posesión. . ." Contra el acusado pendía otra denuncia por el mismo delito. La fecha de la comisión del segundo delito era el 20 de septiembre y el número el 141. En lo demás ambas denuncias eran iguales, incluyendo el sitio donde alegadamente se cometió el delito.

Llamados ambos casos para juicio, uno de los abogados del apelante en el tribunal de instancia, informó al juez que presidía la vista, que estaban pendientes otros casos por idéntico delito contra otros acusados y solicitaba que se vieran conjuntamente con los del aquí apelante. Fueron llamados los otros casos, según solicitado. El juez inquirió si estaban preparados para verlos todos y el abogado respondió en la afirmativa. Se procedió entonces a ver una moción de supresión de evidencia radicada en uno de los casos. Terminado este incidente, el juez solicitó que desfilaran la prueba de cargo en todos los casos. La defensa propuso entonces una estipulación "que la prueba de cargo en estos casos consistiría de la declaración jurada que está unida al récord y nos ha servido el fiscal". El fiscal acepta aclarando, que "también ofreceremos la prueba objetiva que hay en alguno de los expedientes". Cuando los abogados de los acusados

y el fiscal definitivamente se ponen de acuerdo el juez se expresa así:

"LA CORTE: Pónganse de pie todos los acusados. Los abogados de ustedes han propuesto una estipulación en el sentido que se sometan todos los casos de El Pueblo de Puerto Rico que se siguen hoy en su contra mediante la declaración jurada del agente Luis Méndez Romero que obra en los autos de estos casos y, además, con la prueba objetiva que obtuvo este agente en algunos de los casos. Esa estipulación conlleva por parte de ustedes y cada uno de ustedes una renuncia al derecho que todos y cada uno de ustedes tienen de repreguntar al testigo de El Pueblo Luis Méndez Romero. Eso sencillamente quiere decir que la Constitución del Estado Libre Asociado de Puerto Rico les concede a ustedes el derecho a que en estos casos el agente Luis Méndez Romero se siente en esa silla y que ustedes les hagan a él todas las preguntas que ustedes estimen necesarias y que sean pertinentes en cada caso de ustedes. Ese es un derecho que este Tribunal tiene que concederles a ustedes a menos que ustedes renuncien ese derecho, que es un derecho renunciable.

El Tribunal desea saber si ustedes renuncian ese derecho a contrainterrogar ese testigo.

LOS ACUSADOS: Sí, señor.

LA CORTE: Doña Juana, ¿usted renuncia también? No haga gestos con la cabeza. Hágalo con la voz.

SRA. JUANA TORRES: Sí, señor." ■

El tribunal declaró culpable al acusado en ambos casos, y ahora en apelación sostiene que fue error admitir la estipulación de que se vieran los casos conjuntamente con los de otros acusados y de que se sometieran los casos por la declaración jurada del único testigo de cargo, privándolo de la oportunidad de repreguntar a ese testigo. Apunta dos errores adicionales que expondremos más adelante. El que queda expuesto carece de méritos. Es a petición del abogado de los acusados que se llaman otros casos. Precisamente los del apelante estaban señalados para ese día. Fue su abogado el que solicitó que se vieran conjuntamente con los otros. No vemos como esta circunstancia perjudicó al acusado. En

cuanto a la cuestión de someter el caso por la declaración jurada del único testigo de cargo, el récord revela que fue a instancia del abogado del acusado que se estipuló someter los casos en esa forma. Y el tribunal de instancia le hizo claro a los acusados las consecuencias de la estipulación y le preguntó a ellos si estaban de acuerdo, contestaron todos que sí y cuando una acusada hizo un gesto con la cabeza el Juez le dijo "Hágalo con la voz". *Pueblo* v. *Cruzado*, 74 D.P.R. 934 (1953) y *Pueblo* v. *Vargas*, 74 D.P.R. 144 (1953) sostienen la validez de estas estipulaciones. ■

Sostiene el apelante que el tribunal de instancia erró al no declarar con lugar una moción de absolución perentoria fundada en que la prueba de cargo fue insuficiente para probar la venta requerida por la Ley de Bolita. *Pueblo* v. *Seda*, 82 D.P.R. 719 (1961) resolvió la misma cuestión en contra de lo que sostiene el apelante. Tampoco era imprescindible la presentación en evidencia del número jugado apuntado en un papel. *Pueblo* v. *Seda*, supra. En la declaración del agente explica la razón por la cual no obtuvo esa evidencia. ■

El apelante sostiene además que la acusación imputa "una duplicidad de delitos". Aparentemente, ya que no discute la cuestión luego de planteada, se funda en que en la acusación se alega que el apelante "vendió" un número para el juego de la bolita y luego sigue informando que los apuntó en una lista de número de tres cifras de lo que deduce, que se le imputa al acusado la modalidad de vender y tener en su posesión listas de números, etc. Ahora, la realidad es que sólo se le imputa la modalidad de vender y de hecho, tampoco existiría duplicidad en imputarle poseer listas pues son dos modalidades del mismo delito. No se cometieron los errores apuntados.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de Mayagüez, de fecha 13 de junio de 1960.*