THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MODESTO JAIMÁN TORRES, Defendant and Appellant.

No. Cr-62-127. Decided December 5, 1962.

---

*Luis A. Noriega* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Rodolfo Cruz Contreras, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM.

Appellant was found guilty of a violation of § 4 of Act No. 220 of May 15, 1948, known as *Bolita* Act, 33 L.P.R.A. § 1250, and he was sentenced to serve two years' imprisonment in jail. He assigns the following three errors:

(1) That the Superior Court erred in finding defendant guilty "without introducing documentary evidence against him, which could have been obtained if the undercover agent had displayed some diligence or interest."

(2) That the court erred in finding defendant guilty "based on defendant-appellant's alleged intervention with an

undercover agent who did not arrest him at the moment of the alleged violation in pursuance of law."

(3) That the penalty of two years' imprisonment in jail is excessive and constitutes a cruel and unusual punishment.

Appellant's three contentions have been decided by this Court. We mention them in the same order in which they appear above.

■■■ (1) In *People* v. *Seda,* 82 P.R.R. 695 (1961), *aff'd,* 299 F.2d 576 (1961), *cert. denied,* 369 U.S. 904 (1962), considering a similar issue, we held at p. 706 that in order to prove the offense the agent's statement is sufficient and that it is not necessary to produce the tickets or lists with the figures. "The direct evidence of one witness who is entitled to full credit is sufficient to prove any fact, except perjury and treason," 32 L.P.R.A. § 1661.

■ (2) Defendant's arrest need not be carried out immediately after learning of the offense. It may be necessary to postpone the arrest so as not to impair an investigation on clandestine activities. *People* v. *Seda, supra,* p. 701; *People* v. *Superior Court,* 81 P.R.R. 445, 460 (1959).

■ (3) The penalty of two years' imprisonment in jail does not constitute a cruel and unusual punishment. The purpose of that constitutional prohibition is to proscribe barbarous and inhuman punishments such as burning at the stake, decapitation, dissection of the human body, and other forms of torture which were more or less common in ancient times. *People* v. *Pérez,* 83 P.R.R. 221, 226 (1961); *Wilkerson* v. *Utah,* 99 U.S. 130 (1878); *Black* v. *United States,* 269 F.2d 38 (1959); *Hermans* v. *United States,* 163 F.2d 228 (1947).

■■ The determination of the penalty rests in the sound discretion of the trial court, provided it is within the limits fixed by law. *People* v. *Monzón,* 72 P.R.R. 69, 73 (1951); *People* v. *Rosado,* 72 P.R.R. 773, 777 (1951); *People* v. *Rivera,* 69 P.R.R. 500 (1949); *People* v. *Ramírez,* 28 P.R.R.

292 (1920); *Williams* v. *New York*, 337 U.S. 241 (1949). The courts will not disturb a sentence which is within statutory authority. *People* v. *Pérez, supra*, p. 226; *Akers* v. *United States*, 280 F.2d 198 (1960); *Gallego* v. *United States*, 276 F.2d 914 (1960). See, also, *State* v. *Staub*, 162 So. 766 (1935); *Schroufee* v. *Commonwealth*, 133 S.W. 205 (1911).

The judgment rendered in this case on April 27, 1961 by the Superior Court, Guayama Part, will be affirmed.