EL PUEBLO DE PUERTO RICO, demandante y apelado, v. MODESTO JAIMÁN TORRES, acusado y apelante.

Número: CR–62–127    Resuelto: 5 de diciembre de 1962

*Luis A. Noriega,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Rodolfo Cruz Contreras, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El apelante fue convicto de infringir la sección 4 de la Ley 220 de 15 de mayo de 1948, conocida como

Ley de la Bolita, 33 L.P.R.A. sec. 1250, y sentenciado a dos años de cárcel. Señala los siguientes tres errores.

(1) Que el Tribunal Superior erró al declarar culpable al acusado "sin presentarse prueba documental como evidencia contra el mismo, la que hubiera sido posible obtenerse de haberse desplegado alguna diligencia o interés por parte del agente encubierto."

(2) Que el Tribunal erró al declarar culpable al acusado "basado en la intervención que alegadamente tuvo el acusado apelante con un agente encubierto que al momento de la alegada infracción no lo arrestó de acuerdo con la ley, . . ."

(3) Que la penalidad de dos años de cárcel es excesiva y constituye un castigo cruel e inusitado.

Los tres planteamientos hechos por el apelante han sido resueltos por este tribunal. Los mencionaremos en el mismo orden que aparecen arriba. ■■

(1) En *Pueblo* v. *Seda*, 82 D.P.R. 719 (1961), confirmado en 299 F.2d 576 (1961), certiorari denegado en 369 U.S. 904 (1962), considerando un planteamiento igual, resolvimos, a la p. 731, que a los fines de probar el delito la declaración del agente es suficiente y que no es imprescindible producir los boletos o la lista con los números. "La evidencia directa de un testigo que merezca entero crédito, es prueba suficiente de cualquier hecho, salvo perjurio o traición," 32 L.P.R.A. sec. 1661. ■■

(2) El arresto del acusado no tiene que ser inmediatamente después de conocerse el hecho delictivo. Puede ser necesario posponer el arresto para no malograr una investigación sobre actividades clandestinas. *Pueblo* v. *Seda*, supra, p. 726; *Pueblo* v. *Tribunal Superior*, 81 D.P.R. 455, 470 (1959). ■■

(3) La penalidad de dos años de cárcel no constituye un castigo cruel ni inusitado. Esa prohibición constitucional tiene como origen el deseo de proscribir castigos bárbaros

e inhumanos, como los de quema en la hoguera, la decapitación, el desmembramiento del cuerpo humano y algunas formas de tortura que antiguamente eran más o menos comunes. *Pueblo* v. *Pérez Méndez,* 83 D.P.R. 228, 233 (1961); *Wilkerson* v. *Utah,* 99 U.S. 130 (1878); *Black* v. *United States,* 269 F.2d 38 (1959); *Hermans* v. *United States,* 163 F.2d 228 (1947).

La fijación de la penalidad es cuestión que descansa en la discreción del tribunal sentenciador, siempre que se ajuste a los límites impuestos por la ley. *Pueblo* v. *Monzón,* 72 D.P.R. 72, 77 (1951); *Pueblo* v. *Rosado,* 72 D.P.R. 827, 831 (1951); *Pueblo* v. *Rivera,* 69 D.P.R. 538 (1949); *Pueblo* v. *Ramírez,* 28 D.P.R. 313 (1920); *Williams* v. *New York,* 337 U.S. 241 (1949). Los tribunales no alterarán una sentencia que está dentro de los límites fijados por el estatuto, *Pueblo* v. *Pérez Méndez,* supra, p. 234; *Akers* v. *United States,* 280 F.2d 198 (1960); *Gallego* v. *United States,* 276 F.2d 914 (1960). Véase también *State* v. *Staub,* 162 So. 766 (1935) y *Schrouffe* v. *Commonwealth,* 133 S.W. 205 (1911).

*Se confirmará la sentencia dictada en 27 de abril de 1961 en este caso, por el Tribunal Superior, Sala de Guayama.*