EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ENRIQUE PLANAS COLLAZO, acusado y apelante.

*Número:* CR-69-45   *Resuelto:* 28 de octubre de 1969

*E. Armstrong de Watlington*, abogada del apelante; *J. F. Rodríguez Rivera*, Procurador General Interino, y *Lydia Nieves Franqui*, Procuradora General Auxiliar, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El apelante fue convicto por vender bolita en violación de la ley, 33 L.P.R.A. sec. 1250, y se le impuso una multa de $350.00. Señala los siguientes dos errores: (1) que la acusación no contiene los elementos necesarios para imputar una infracción a la Ley de la Bolita, y (2) que la prueba no estableció la comisión del delito.

La acusación lee como sigue:

"El referido acusado, Enrique Planas Collazo, allá en o por el día 12 de septiembre de 1967, y en Ponce, Puerto Rico, dentro de la jurisdicción del Tribunal Superior de Puerto Rico, Sala de Ponce, allí y entonces, ilegal, voluntaria, maliciosa y criminalmente, vendió a la Sra. Ramona Rodríguez Rodríguez el número '285', para jugarse por $500.00, en el juego ilegal de la Bolita o Boli-Pool."

Los planteamientos del apelante no tienen mérito. En cuanto al primero, en *Pueblo v. Zayas*, Sentencia de 25 junio 1969, el allí apelante fue acusado de que "vendía números de bolita y tenía en su posesión y dominio una lista de números de bolita, . . .". En el acto de la venta allí no se entregó contraseña, boleto u objeto material alguno.

Resolvimos en dicho caso que la prueba no estableció el cargo de posesión pero que sin embargo estableció el cargo de venta. Igual que en el caso de autos el apelante allí alegaba que la ley penaliza solamente transacciones de objetos materiales pero rechazamos esa interpretación. Allí dijimos:

"La entrega de una contraseña no es necesaria para la comisión del delito de venta de bolita. *Pueblo* v. *Torres Avilés,* 90 D.P.R. 869 (1964). Sabido es que la bolita se juega en múltiples formas distintas. Adoptar una interpretación tan restrictiva como la que propone el apelante derrotaría el propósito de la ley. Conviene recordar lo que dijimos en *Pueblo* v. *De Jesús,* 70 D.P.R. 37 (1949).

'. . . Para lograr su fin, la Legislatura ha tratado de atacar el mal en la forma más eficiente posible. No convenía usar un lenguaje demasiado específico. Difícil en extremo, si no imposible, hubiera sido para el legislador prever todas las ingeniosas combinaciones y artificios de que los infractores de la ley podrían valerse para burlarla.' "

También alega el apelante que en la acusación no se expresó que el material estaba conectado con el juego de bolita y sostiene que eso la hace insuficiente. No es correcto. En *Pueblo* v. *Trinidad Fernández,* 93 D.P.R. 897 (1967), se trataba de un caso de posesión de material y no de un caso de venta de bolita. Es natural que para que la posesión de libretas, listas de números, boletos, etc., constituya delito, estos materiales tienen que estar conectados con el juego ilegal de la bolita y así hay que hacerlo constar en la acusación. Es obvio que la mera posesión de ellos, sin que tengan relación alguna con un uso ilegal, no es delito. Pero la situación de autos es muy distinta. Aquí la acusación es en el sentido de que el apelante vendió el número 285 para jugarse en la bolita. La acusación es suficiente para el cargo de venta. Esta modalidad del delito se comete *al venderse* el número de bolita. La venta constituye el acto ilegal que prohibe la ley y constituye de por sí misma el delito.

Como hemos dicho antes, el artículo contiene dos modalidades. Una es la posesión y otra es la venta. *Pueblo* v. *Ramírez Rodríguez*, 85 D.P.R. 446, 449 (1962). El de autos es un caso de venta. La acusación es suficiente para cubrir la modalidad de venta, por la que fue convicto el apelante.

■ En cuanto al segundo planteamiento, la testigo declaró que alrededor de las 8:30 de la noche el apelante visitó a Ramona Rodríguez y allí, en presencia de la testigo, le vendió a aquélla el número 285 por la suma de $1.10 para jugarse en la bolita. Declaró también que hacía como tres o cuatro semanas que el apelante le estaba vendiendo ese número a Ramona Rodríguez. También declaró la testigo que la compradora pagó el dinero, el cual extrajo de una cartera que tenía en una maleta que allí estaba. Esta prueba, creída por el tribunal sentenciador, sostiene la convicción.

*Se confirmará la sentencia dictada en este caso por el Tribunal Superior, Sala de Ponce, en 30 de agosto de 1968.*

El Juez Asociado Señor Hernández Matos no intervino.