Melvin Leon **MORROW**

v.

**UNITED STATES of America.**

Civ. No. 3–74–1.

United States District Court,
E. D. Tennessee, N. D.

Jan. 17, 1974.

Evelyn Sisk Fabian, Atlanta, Ga., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for defendant

## ORDER

ROBERT L. TAYLOR, District Judge.

Petitioner, Melvin Leon Morrow, seeks in this motion to set aside and vacate the judgment and sentence imposed in this cause under 28 U.S.C. § 2255.

On November 18, 1971, petitioner was indicted in United States District Court in a two-count indictment. The first count charged that on March 18, 1971, petitioner purchased 60 gallons of unstamped liquor in violation of 26 U.S.C. 5205(a)(2) and 5604(a)(1). In the second count, petitioner was charged with possession of the same in violation of 26 U.S.C. § 5205(a)(2). Defendant was arraigned on November 29, 1971, at which time he entered a plea of not guilty to both counts. The case was set for trial by jury on December 13, 1971. On December 13, 1971, the jury found him guilty on both counts. On December 20, 1971, petitioner was sentenced by this Court to a term of imprisonment of five years on the first count of the indictment and five years on the second count, both sentences to be served concurrently, and subject to parole, as authorized by 18 U.S.C. § 4208(a)(2).

Subsequently, petitioner appealed his conviction and sentence to the United States Court of Appeals for the Sixth Circuit. During the interim of petitioner's appeal, he was released on bond. On January 19, 1973, the United States Court of Appeals for the Sixth Circuit affirmed the conviction of this Court. United States v. Morrow, No. 72–1953, 473 F.2d 910 (6th Cir. 1973).

Petitioner in his present motion alleges that (1) he was denied his constitutional right to a speedy trial in his original criminal proceeding; (2) the evidence introduced was insufficient to find petitioner guilty, as the Government's witness was impeached; and (3) petitioner was never granted a preliminary hearing on the matter of probable cause.

Initially, this Court recognizes that it is generally accepted law that a motion to vacate, set aside, or correct a sentence cannot be used to re-try a case or to raise issues not raised "on direct appeal, or if raised and disposed of in such appeal." Vincent v. United States, 361 F.2d 474 (8th Cir. 1966). Petitioner's claim of a right to a preliminary examination was disposed of on direct appeal. United States v. Morrow, No. 72–1953, 473 F.2d 910 (6th Cir. 1973). The United States Constitution does not recognize a right to a preliminary examination following an indictment by a grand jury. United States v. Luxenberg, 374 F.2d 241, 247–248 (6th Cir. 1967).

On petitioner's direct petition to the Court of Appeals, the issue of the sufficiency of the evidence and the impeachment of the Government's witness were decided adversely to him. United States v. Morrow, supra. Additionally, the sufficiency of the evidence cannot be challenged under a motion to vacate. Akers v. United States, 280 F.2d 198, 199 (6th Cir. 1960), cert. den. 364 U.S. 924, 81 S.Ct. 289, 5 L.Ed.2d 262.

Finally, petitioner failed to raise his claim of speedy trial in the trial court or on appeal. Petitioner cannot presently raise issues under Section 2255 that could have been raised in petitioner's direct appeal. Sanders v. United States, 230 F.2d 127, (4 Cir.), cert.

den., 351 U.S. 955, 78 S.Ct. 852, 100 L. Ed. 1478; McDowell v. United States, 336 F.2d 435 (6 Cir.), cert. den. 379 U. S. 980, 85 S.Ct. 685, 13 L.Ed. 571.

Assuming, *arguendo,* that petitioner could raise the issue of a speedy trial at this time, the record conclusively shows that petitioner was afforded a prompt and expeditious criminal proceeding. Petitioner enjoyed no constitutional right to be arrested at the time the offense occurred, March 18, 1971. Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). Petitioner at the time of his arrest on April 20, 1971, following his indictment on November 18, 1971, was taken before a United States Commissioner and was released on his own bond. Petitioner was tried on December 13, 1971, after which he remained in custody until December 27, 1971, when he was released on bond pending appeal. The interim between April 20, 1971 and petitioner's trial and conviction on December 13, 1971 falls within the guidelines set by the United States Supreme Court, Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L. Ed.2d 101 (1972); Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56. In addition, it should be noted that petitioner was not confined in jail prior to his trial. Barker v. Wingo, supra.

In conclusion, the record in this case conclusively shows that petitioners allegations are without merit and not properly taken under Section 2255 in light of petitioner's prior direct appeal. As petitioner's claims are without sufficient basis to require this Court to hold a hearing, United States v. Thomas, 291 F.2d 478 (6th Cir. 1961), it is ordered that petitioner's motion to set aside and vacate the judgment and sentence under 28 U.S.C. § 2255 be, and the same hereby is, denied.