STATE of Tennessee, Appellee,

v.

**John Henry GRAY and Linda Gayle Gray, Appellants.**

Court of Criminal Appeals of Tennessee, at Nashville.

Nov. 17, 1981.

Permission to Appeal Denied by Supreme Court Feb. 8, 1982.

Edward F. Bell, Nashville, for John Henry Gray.

William C. Wilson and David E. High, Nashville, for Linda Gayle Gray.

William M. Leech, Jr., State Atty. Gen., David M. Himmelreich, Asst. State Atty. Gen., Sterling P. Gray, Jr., Cheryl Blackburn, Asst. Dist. Attys. Gen., Nashville, for appellee.

## OPINION

BYERS, Judge.

The defendant, Linda Gayle Gray, was found guilty of armed robbery and sentenced to serve ten (10) years. The defendant, John Henry Gray, was found guilty of the same offense and sentenced to serve twenty-five (25) years.

Linda Gray says the evidence is insufficient to find her guilty of this offense and says the trial judge should have granted her a severance from the trial of John Gray when a statement of John Gray was introduced by the state.

The defendant, John Gray, in various assignments contends the jury's verdict as to punishment was cruel and inhuman, capricious, excessive and irrational, and says the trial judge should have reduced the sentence to ten (10) years.

The judgments are affirmed.

Shortly after noon on June 23, 1979, Charles Jones, a pharmacist and owner of a drug store, was interrupted by a man who told him he wanted various drugs. This man directed Jones's attention to another man standing a few feet away. When Jones looked the other man raised a newspaper to reveal a pistol, which he was holding in his hand. Jones then deposited the drugs into a paper bag being held by the man who had approached him.

The two men started to leave the pharmacy, and Jones took a pistol from a drawer and fired at them. One of the robbers was struck by a bullet as he started out the door. The two men went to an area behind a grocery store and got into a vehicle, which drove away.

A man who was driving along the street in front of the pharmacy observed the two men getting into a vehicle. An attorney who was also driving in the area saw the two men getting into a vehicle. The attorney observed the vehicle being driven away by a young, white woman who had blond hair. He was unable to identify the woman.

The vehicle was driven to Riverside Hospital, and a man was removed therefrom and left lying on the grass in front of the hospital. The vehicle then drove away. An employee of the hospital saw a vehicle drive up and saw the man deposited on the lawn. The employee observed a man driving the vehicle when it left the hospital area.

Subsequent investigation revealed the man left on the hospital lawn was named Gill Hunter. Hunter had been wounded by the pharmacist and died as a result thereof. Jones identified Hunter as one of the two men who had robbed him.

The police continued their investigation, which led them to the defendants, who were husband and wife.

John Gray gave a statement confessing his participation in the robbery. He said Linda Gray was driving the vehicle prior to and after the robbery.

Linda Gray gave a statement in which she said, by implication, she was driving the vehicle before the robbery and explicitly said she drove the vehicle away from the robbery.[1]

Linda Gray contends the evidence is insufficient to show she participated as an aider and abettor of the principal offenders in this crime or as a principal participant therein. She rests this claim upon the contents of her statement which was introduced into evidence. In her statement she told the officer she had heard John Gray and Gill Hunter discuss robbing the drug store, but said she told them not to. She contends she did not know a robbery was to take place when she went with them. She said when they arrived at the pharmacy, John directed her to back the vehicle into the parking area in back of a grocery store, which was on property adjacent to the pharmacy.

In her statement[2] she told of John Gray and Gill Hunter going into the pharmacy and of their return to the car. She said she drove away from the scene of the robbery. Independent evidence showed she did not enter the pharmacy and showed a woman drove the vehicle away.

■ For one to be guilty as a principle offender under the theory of aiding and abetting a criminal offense, the law requires they must be present, actively or constructively, and must be aiding or abetting in the offense or willing and able to do so. *Anglin v. State*, 553 S.W.2d 616 (Tenn. Cr.App.1977). A person must know an offense is being committed before they can be an aider and abettor thereof. *Hembree v. State*, 546 S.W.2d 235 (Tenn.Cr.App.1976). Knowledge of and intent to aid and abet in the crime being committed is essential to show a person is an aider and abettor.

■ In the final analysis, knowledge and intent of the defendant is for the jury

1. En route to the hospital John Gray became the driver of the vehicle because Linda was too upset to drive.

2. Neither Linda Gray or John Gray testified at the trial of this case, nor offered any evidence.

to determine from the evidence in the case. The jury had evidence of Linda Gray's ownership of the car and of her driving the car to and from the scene of the robbery. The jury also had her statement disclaiming knowledge of a crime being committed and stating her unwillingness to participate therein. The jury rejected the disclaimer contained in her statement and found her to be involved as a participant in the crime. The evidence is sufficient for a rational trier of fact to find the defendant guilty of the offense beyond a reasonable doubt. Rule 13(e) T.R.A.P.

During the course of the trial, the state offered the statement of John Gray into evidence. Linda Gray thereupon moved for a severance. Linda Gray claimed the introduction of the statement would put evidence which implicated her before the jury without giving her an opportunity to confront John Gray, thus violating her constitutional right as set out in *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

We are of the opinion there was no *Bruton* violation in this case. The statement of John Gray, insofar as it mentioned Linda Gray, only stated she was driving the vehicle prior to and subsequent to the robbery. In Linda Gray's statement, she stated she drove the vehicle from the area of the robbery after the event. She stated she was directed by John to back the vehicle into a parked position when they arrived in the area of the pharmacy prior to the robbery. John Gray's statement did not contradict Linda Gray's statement wherein she disclaimed any knowledge of an impending robbery when the vehicle was driven to the vicinity of the pharmacy.

█ In our view the statements were sufficiently interlocking to allow their introduction. *Parker v. Randolph*, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979). Unless "the confession of one non-testifying codefendant contradicts, repudiates, or adds to material statements in the confession of the other non-testifying codefendant, so as to expose the latter to an increased risk of conviction or to an increase in the degree of the offense with correspondingly greater punishment," no *Bruton* problem occurs, *State v. Elliott*, 524 S.W.2d 473 (Tenn.1975). The confession of John Gray did not have any of these effects on Linda Gray. Therefore, the trial judge properly denied the motion of Linda Gray for a severance and properly admitted the statement of John Gray into evidence in this joint trial.

John Gray claims the jury verdict as to him was invalid primarily because there was no material basis for assessing a greater punishment as to him vis-a-vis the punishment assessed as to Linda Gray.

The punishment fixed for John Gray was within statutory limits. In such instance it has been held the sentence cannot be said to evidence arbitrariness or capriciousness by the jury or to offend constitutional proscription against cruel and unusual punishment. *Akers v. United States*, 280 F.2d 198 (6th Cir.) cert. denied, 364 U.S. 924, 81 S.Ct. 289, 5 L.Ed.2d 262 (1960); *Henderson v. State*, 539 S.W.2d 843 (Tenn.Cr.App.1976).

█ The mere fixing of different punishments for jointly tried defendants who are convicted of the same offense does not indicate capriciousness, etc., or evidence an irrational verdict by the jury. *Mattress v. State*, 564 S.W.2d 678 (Tenn.Cr.App.1977). In this case John Gray went into the store with the man who was armed and participated in creating the climate of fear and danger. There was a rational basis for the different sentences.

DWYER and O'BRIEN, JJ., concur.