**STATE of Tennessee, Appellee,**

v.

**Derrick JACKSON and Billy Jack Machen, Appellants.**

Court of Criminal Appeals of Tennessee, at Jackson.

March 6, 1991.

Permission to Appeal Denied by Supreme Court Aug. 5, 1991.

Charles W. Burson, Atty. Gen. & Reporter, Rose Mary Drake, Sp. Asst. Atty. Gen., Nashville, John W. Pierotti, Dist. Atty. Gen., James J. Challen, III, and Patience R. Branham, Asst. Dist. Attys. Gen., Memphis, for appellee.

Barry W. Kuhn, Asst. Public Defender, appeal only and Gwen Rooks, Asst. Public Defender, trial only (A.C. Wharton, Jr., Shelby County Pub. Defender, of counsel), Memphis, for Derrick Jackson.

Marvin E. Ballin, Memphis, for Machen.

## OPINION

JONES, Judge.

The appellant, Billy Jack Machen, was convicted of two counts of assault with the intent to commit murder in the first degree, one count of assault with the intent to commit robbery, and one count of robbery by a jury of his peers. The appellant, Derrick Jackson, was convicted of one count of assault with the intent to commit robbery and one count of robbery by a jury of his peers. The trial court, finding that the appellants were standard offenders, imposed the following sentences:

a) Case No. 89–05803, charging Machen with assault with the intent to commit mur-

der in the first degree, accompanied by bodily injury, ten (10) years in the Department of Correction;

b) Case No. 89–05804, charging Machen with assault with the intent to commit murder in the first degree, five (5) years in the Department of Correction;

c) Case No. 89–05805, charging both Machen and Jackson with robbery, four (4) years in the Department of Correction as to each appellant; and

d) Case No. 89–06227, charging both Machen and Jackson with assault with the intent to commit robbery, four (4) years in the Department of Correction as to each appellant. The trial court ordered that the sentences of both appellants are to be served concurrently.

Both Machen and Jackson contend that the evidence contained in the record is insufficient, as a matter of law, to support their convictions. Machen also contends that the trial court committed error of prejudicial dimensions in permitting excerpts from a prosecution witness' testimony to be read to the jury.

On the afternoon of April 8, 1989, Jackson attempted to steal the purse of Cheryl Bates as she approached a neighborhood grocery store. A struggle ensued. Bates fell to the ground. Jackson left without the purse as there were several people near the situs of the attack screaming at him.

As Jackson ran away, he encountered Lillian Graham, who had just exited a nearby liquor store. Jackson grabbed Graham's purse and fled the scene. Earnestine Davidson, an off-duty officer, gave chase in a motor vehicle while Alfred Avery, a witness, pursued Jackson on foot.

Davidson encountered Jackson and Machen approximately four blocks from the scene of the two offenses. She directed that Jackson return Graham's purse. Jackson told her that he did not have the purse. When Jackson and Machen turned to leave, Davidson advised Jackson he was going to jail. Machen turned, pulled a pistol, and opened fire on both Davidson and Avery. Davidson was able to escape injury. A projectile struck Avery in the chest causing serious injuries to his heart, liver, stomach, and a kidney.

Avery identified the appellants after watching video tapes of the two lineups that were staged by the police. He identified Jackson as the person who attempted to steal Bates' purse and actually stole Graham's purse. He identified Machen as the individual who shot at Davidson and himself. Davidson identified Machen as the gunman after reviewing an array of photographs and two lineups. She could not identify Jackson.

The appellants presented alibi defenses. Several family members testified in support of this defense. According to these witnesses, the appellants were at the home of Machen's aunt when the crimes in question were committed.

■ When an accused challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the evidence adduced at trial is sufficient "to support the findings by the trier of fact beyond a reasonable doubt." Tenn. R.App.P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or direct and circumstantial evidence. *State v. Brown*, 551 S.W.2d 329, 331 (Tenn.1977); *Farmer v. State*, 208 Tenn. 75, 79, 343 S.W.2d 895, 897 (1961).

■ In determining the sufficiency of the evidence, we do not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978). Nor may we substitute our inferences for those drawn by the trier of fact from circumstantial evidence. *Liakas v. State*, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, we are required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Cabbage*, 571 S.W.2d at 835.

■ Questions concerning the credibility of witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence are resolved

by the trier of fact, not this Court. *State v. Cabbage*, 571 S.W.2d at 835. In *State v. Grace*, 493 S.W.2d 474, 476 (Tenn.1973), our Supreme Court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

■ Since a guilty verdict removes the presumption of innocence and replaces it with a presumption of guilt, *State v. Grace*, 493 S.W.2d at 476, the accused has the burden in this Court of illustrating why the evidence is insufficient to support the guilty verdict returned by the trier of fact. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). This Court will not disturb a guilty verdict due to the sufficiency of the evidence unless the facts contained in the record, and any inferences which may be drawn from these facts, are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *State v. Tuggle*, 639 S.W.2d at 914.

■ As can be seen from the foregoing summary of the facts, there is sufficient evidence contained in the record from which a rational trier of fact could conclude that Jackson was guilty of robbery in Case No. 89–05805 and assault with intent to commit robbery in Case No. 89–06227 beyond a reasonable doubt. Tenn.R.App.P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Similarly, there is sufficient evidence contained in the record from which a rational trier of fact could conclude that Machen was guilty of assault with intent to commit murder in the first degree, accompanied by bodily injury, in Case No. 89–05803 and assault with intent to commit murder in the first degree in Case No. 89–05804 beyond a reasonable doubt. Tenn. R.App.P. 13(e); *Jackson v. Virginia, supra*. However we are of the opinion that the evidence contained in the record is insufficient, as a matter of law, to support

Machen's convictions for robbery in Case No. 89–05805 and assault with intent to commit robbery in Case No. 89–06227.

Before a person may be convicted as an aider and abettor, it must be shown that he was "present, aiding and abetting or ready and consenting to aid and abet." Tenn. Code Ann. § 39–1–303 (Supp.1988). In the case *sub judice* the record is devoid of evidence which establishes that Machen was present, either actually or constructively, when Jackson attempted to steal Bates' purse and actually stole Graham's purse.[1] Machen was approximately four blocks from the scene of the robbery and attempted robbery when he was first seen by Davidson and Avery. Nor does the record establish that Machen aided and abetted Jackson in the commission of these crimes, or was ready and consenting to aid and abet him. Moreover, there is absolutely nothing in the record to establish the Machen was aware these offenses had been committed until the off-duty officer appeared and demanded that Jackson return the purse to Graham. In *State v. Gray*, 628 S.W.2d 746, 748 (Tenn.Crim.App.1981), this Court said that "[k]nowledge of and intent to aid and abet in the crime being committed is essential to show a person is an aider and abettor." *See Hembree v. State*, 546 S.W.2d 235, 238–239 (Tenn.Crim. App.1976).

The fact that Machen was with Jackson when the off-duty officer confronted him was far from unusual or coincidental. Machen and Jackson are cousins, and Jackson was living with the Machen family. In addition, they were in close proximity to the Machen residence.

■ Machen further contends that the trial court committed error of prejudicial dimensions when he permitted the reading of excerpts from the testimony given by Avery after the jury began its deliberations. The jury requested this information. The excerpts were limited to Jackson's

1. Only a constructive presence is required. *Watson v. State*, 158 Tenn. 212, 217–218, 12 S.W.2d 375, 377 (1928); *State v. Hamsley*, 672 S.W.2d 437, 439 (Tenn.Crim.App.1984); *State v.*

*LeQuire*, 634 S.W.2d 608, 613 (Tenn.Crim.App. 1981). This case is factually distinguishable from *Watson, Hamsley,* and *LeQuire*.

physical characteristics, i.e., his hair style, on the date in question.

We parenthetically note that the appellant states the testimony of the co-defendant, Derrick Jackson, was read to the jury. This did not occur. At another point in the brief the appellant correctly states that the testimony of Alfred Avery was read to the jury.

The record reflects that the jury was concerned about Jackson's hair style. Avery had described his hair style when he testified for the State. Counsel for Jackson stated to the trial judge in the presence of the jury that she would obtain this testimony; and it could be made available to the jury. As previously stated, the excerpts of the testimony were limited to the hair style of Jackson. The testimony did not relate to or implicate Machen.

We conclude that Machen had no grounds to challenge the admissibility of this evidence. Moreover, Machen has failed to establish if and how he was prejudiced by the admission of this testimony.

The record reflects that Machen failed to make an objection before the excerpts of Avery's testimony was re-read to the jury.

Machen's reliance upon this Court's decision in *State v. Flatt,* 727 S.W.2d 252, 254 (Tenn.Crim.App.1986), is misplaced.

The judgments of the trial court as to Jackson are affirmed.

The judgments of the trial court in Case 89–05803, charging Machen with assault with intent to commit murder in the first degree, accompanied by bodily injury, and Case 89–05804, charging Machen with the offense of assault with the intent to commit murder in the first degree, are affirmed. Machen's convictions in Case No. 89–05805, charging him with the offense of robbery, and Case No. 89–06227, charging him with the offense of assault with the intent to commit robbery, are reversed and dismissed.

BIRCH and PEAY, JJ., concur.